UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LARRY JAMES PECK,<br><br>Petitioner,<br><br>v.<br><br>JACK PALMER, et al.,<br><br>Respondents. | Case No. 3:11-cv-00505-MMD-WGC<br><br>ORDER |

Before the Court are petitioner's motion to stay and abey [sic] proceedings (dkt. no. 46), respondents' opposition (dkt. no. 48), and petitioner's reply (dkt. no. 52). For the reasons stated below, the Court grants petitioner's motion.

Currently, petitioner is pursuing post-conviction relief in the state courts. The state district court has denied his petition, and the appeal is pending. To stay this action, petitioner must show that he has "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). Petitioner's claims have potential merit, and by filing his federal petition while his state petition is still pending, he is not being dilatory. From the outset of this action, petitioner admitted that he had not exhausted all of his grounds for relief in the state courts. He commenced this action because his state habeas corpus petition had been pending in state district court for about six years. Petition, at 1-12 (dkt. no. 12). The first amended petition (dkt. no. 28) also contains grounds that are still pending in state court. The

1  Court finds that petitioner has demonstrated good cause for the failure to exhaust. The
2  Supreme Court of the United States has held that a person may file a protective petition
3  in federal court and then seek a stay of the proceedings when the person has doubts
4  that a federal petition filed after the state proceedings concluded would be timely. *See*
5  *Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (2005).

6        The Court does not agree with respondents that the petition is completely
7  unexhausted, which would lead to a dismissal of the action. *See Rasberry v. Garcia*,
8  448 F.3d 1150, 1154 (9th Cir. 2006). The first amended petition (dkt. no. 28) contains
9  14 grounds. Petitioner admits that he currently is litigating grounds 2 through 14 in his
10 state post-conviction proceedings, and those grounds are not exhausted. Ground 1 is
11 the issue. It is a claim that the evidence was insufficient to support the verdict of guilt
12 for first-degree murder. Petitioner did raise an insufficient-evidence claim on direct
13 appeal. Respondents argue that petitioner presents facts in ground 1 that he did not
14 present to the Nevada Supreme Court. Even if those new facts fundamentally alter the
15 claim, it does not render ground 1 completely unexhausted. Respondents themselves
16 note that petitioner presented other facts to the Nevada Supreme Court that he presents
17 now to this Court. Opposition, at 5-6 (dkt. no. 48). If a motion to dismiss for lack of
18 exhaustion was pending before the Court, and if the Court agreed that the new facts
19 fundamentally altered ground 1, the Court would not dismiss the action, because most
20 of ground 1 still would be exhausted. The petition still would be mixed, containing
21 exhausted and unexhausted grounds. *See Rose v. Lundy*, 455 U.S. 509, 521-22 (1982).
22 The Court still would give petitioner the opportunity to drop the new facts, to dismiss the
23 action, or to seek a stay.

24       Given that the Court has found that petitioner has satisfied the requirements for a
25 stay, and given that the Court has found that the petition contains at least part of a
26 ground for relief that is exhausted, the Court grants petitioner's motion.

27       IT IS FURTHER ORDERED that petitioner's motion to stay and abey
28 proceedings (dkt. no. 46) is GRANTED.

IT IS FURTHER ORDERED that this action is STAYED pending exhaustion of the unexhausted claims. Petitioner shall return to this Court with a motion to reopen within sixty (60) days of issuance of the remittitur by the Nevada Supreme Court at the conclusion of the state court proceedings. Further, petitioner or respondents otherwise may move to reopen the action and seek any relief appropriate under the circumstances.

IT FURTHER IS ORDERED that the Clerk of Court shall administratively close this action until such time as the Court grants a motion to reopen the action.

DATED THIS 19th day of August 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE